UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No. _____

JANE DOE,

    Plaintiff,

vs.

CITY OF COCONUT CREEK, a
Florida municipal corporation,

    Defendant.
_____/

**Complaint for Damages and Injunctive Relief**

Plaintiff, Jane Doe, sues defendant, City of Coconut Creek, and alleges:

**Introduction and Summary**

1.    This is sex discrimination and retaliation action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the parallel provisions of the Florida Civil Rights Act ("FCRA"). Jane Doe, who is filing this action under a pseudonym, is a female police officer for the City of Coconut Creek who has worked, and continues to work, in undercover roles: she files this action as "Jane Doe" to protect her real identity. Ms. Doe sues the City for violation of her rights through sex discrimination and retaliation, including the retaliatory hostile work environment that she experienced after she made internal complaints about discrimination, including after her ex-husband was appointed as Interim Police Chief and then Police Chief, and continues despite her making internal

complaints and filing a charge of discrimination. Plaintiff seeks money damages, injunctive relief, attorney's fees and litigation expenses and any other available remedies against the City of Coconut Creek.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction over the FCRA claim pursuant to 28 U.S.C. § 1367 because the FCRA claims are so related to the federal claims over which the Court has federal-question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. The claims being sued upon arose in Broward County, Florida, where the defendant at all material times did business.

## Parties

4. Ms. Doe, the Plaintiff, is, and at all times material was, a female police officer for the City of Coconut Creek's Police Department, and, as such, was an "employee" or "aggrieved person" under Title VII and the FCRA. She is protected by:

    a. Title VII and the FCRA because of her sex;

    b. She engaged in protected activity, including by filing internal complaints about what she reasonably and in good faith believed to be discrimination and retaliation, filing charges of discrimination with the Equal Employment Opportunity Commission and participating in the investigation of those charges.

5. Defendant, City of Coconut Creek ("Coconut Creek" or "the

City"), is, and at all times material a Florida municipal corporation and an "employer" as envisioned by Title VII and the FCRA.

**Satisfaction of Conditions Precedent**

6. On or about July 31, 2024, Officer Doe filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which by operation of law was simultaneously filed with the Florida Commission on Human Relations ("FCHR").

7. On or about August 14, 2024, Officer Doe filed a supplemental charge of discrimination with the EEOC, which by operation of law meant that she also filed it with the FCHR.

8. On November 26, 2024, the EEOC issued a notice of right to sue, within 90 days of which Officer Doe brought this action.

9. As to the first and second charges of discrimination, more than 180 days elapsed without the FCHR's making an adverse finding against Officer Doe on any of her allegations or conciliating any of the charges.

10. All conditions precedent to this action, if any, have been satisfied, waived or would have been futile.

**General Allegations**

11. Since August 2000, Ms. Doe has been employed by the Coconut Creek's police department as a police officer, a position for which she is qualified.

12. As a law enforcement officer, Officer Doe worked on various

assignments, including serving as a Task Force Officer with the Drug Enforcement Agency ("DEA") Miami Field Division, in which position she received favorable evaluations, conducted complex drug trafficking and money-laundering investigations, conducted and taught undercover operations and received extra pay in the form of overtime compensation.

13. As a Task Force Officer, Officer Doe was assigned as a detective under the Police Department's Criminal Investigations Section.

14. During her employment, Officer Doe made complaints and raised concerns with the City about what she reasonably believed to be discrimination based on gender and retaliation.

15. For example, during April 2018, Officer Doe complained to the Human Resources Director, Pam Kershaw, about a "new policy" of setting a six-year term on the Task Force Officer position (from which similarly situated men were exempted) that Police Chief Albert Arenal enacted and that applied only to her, but not to similarly situated males officers (including a male with less seniority) and that she believed discriminated against her based on her gender.

16. About a year and a half later, in June 2019, the then-Police Chief met with Officer Doe and another officer and told the task force officers they could remain on the task force until they retired.

17. However, during September 2023, the Police Chief Arenal, who was the subject of Officer Doe's 2018 complaint, had made her ex-husband

Frederick Hofer Deputy Chief, placing him in Officer Doe's direct chain of command.

18. Before that time, Officer Doe's co-workers and the City's management were aware that her marriage with Hofer had ended and resulted in acrimonious civil litigation that continued into 2022.

19. On March 5, 2024, Officer Doe submitted a written discrimination and retaliation complaint to the Human Resources Director (Kershaw) stating that she believed that "the retaliatory behavior by the Chief of Police still continues and now it has trickled down to other members of his command staff." As examples, her complaint noted that:

    a. After her 2018 complaint was closed out, Officer Doe felt that the police administration had labeled her a "problem employee," she was ostracized by her colleagues and administrators, she was denied training and transferred out of her task force assignment;

    b. On February 28, 2024, Officer Doe was notified that "command staff" had denied her February 21, 2024 training request for a salary incentive course (Conducting Background Investigations), which had been approved by her sergeant and lieutenant. Although she was informed that the request was denied based on the class not being within the "scope" of her position, Doe learned that numerous similarly ranked male officers in other divisions and units had been approved the same training course, and officers whose duties had nothing to do with investigations had been allowed

the same training.

      c.    She also was informed February 28 that she was being recalled from her task force assignment (one year early through a premature cancellation of the agencies' agreement) because her position was not "benefitting the agency financially" and that she would be re-assigned to patrol. However, a male officer with less seniority than Officer Doe, was allowed to remain in his task force position at the DEA.

      20.    On April 8, 2024, Officer Doe e-mailed the HR Department notifying it of the ongoing hostile, retaliatory behavior against her, including that a colleague reported receiving a text message from the Property and Evidence Custodian asking if she was retiring because a retirement badge had been ordered by her Administrative Officer. After Officer Doe texted her Administrative Officer inquiring why it was being said that she was retiring, Lieutenant Fuentes, Captain Shelton, and Legal Advisor Camacho and Captain Shelton called and advised Officer Doe that she was being transferred to the Special Enforcement Team (SET) on June 1, 2024.

      21.    Officer Doe learned that her SET transfer involved not only a change in her duties from a primarily office-based job to unmarked-unit patrol work, but also that she was not entitled to the investigative overtime she received on her DEA assignment; her work schedule changed (from roughly 8.5-hour days Monday through Fridays with every other weekend and holidays off, to 12-hour shifts with every weekend off, causing her to

increase her use of personal leave time to address personal and family issues); she no longer had seniority in her unit and her assigned vehicle was downgraded (although she had been employed by the City for 27 years and was the longest-tenured detective in the department), and her work commute increased.

22. Officer Doe also found out she was placed on a mandatory patrol overtime list, from which she had been exempt previously because of her task force assignment.

23. Finally, Officer Doe also was stripped of her federal arrests powers and her Public Trust Federal Background Investigation ("BI") clearance that she held at the DEA task force, while a similarly situated male officer with less seniority (JL) and time working as a task officer was allowed to remain in his task force assignment.

24. On the call with her superiors (including the City's police-department legal advisor) on April 8, 2024, when Officer Doe asked why she was being transferred after having filed a retaliation and hostile work environment complaint, but she was not given any explanation.

25. On April 30, 2024, Officer Doe was eventually interviewed by an outside investigator that the City assigned to investigate her internal complaint.

26. On May 6, 2024, City Manager Sheila Rose notified Police Department personnel via e-mail that Chief Arenal would be retiring on June

20, 2024 and she would be appointing an Interim Police Chief within the next few days.

27. On May 31, 2024, Hofer sent an e-mail to police department personnel notifying the department that City Manager Rose had appointed him as Interim Chief of Police.

28. On June 12, 2024, Officer Doe was served with a Federal subpoena for trial (outside of the state) regarding an assignment during her tenure as a task force officer.

29. When Officer Doe asked about the current procedure for court time, her sergeant and various colleagues informed her that the "norm" was that if court occurred on her scheduled day off, she would be compensated overtime for court time.

30. However, she was not allowed to do so. Instead, after the subpoena was forwarded to "Command Staff," Officer Doe's sergeant was directed to change her scheduled hours to avoid the City's having to pay her for the court time for scheduled day off.

31. After she filed her charge of discrimination, the retaliatory hostile environment continued, including:

    a. In June 2024, Officer Doe was informed that after her involuntary transfer to SET she no longer had seniority in the unit regarding items such as her assigned vehicle, which was downgraded from an SUV to a sedan.

b.  In 2025, **One**, when she was called into an office by the Community Involvement Unit Sergeant (who did not supervise her) and told that she had to work mandatory overtime on her scheduled day off at a festival about which the detectives had been informed participation was voluntary, and, despite her complaint, she was required to do, and, **Two**, informed that she was being placed on a "mandatory overtime list," which she had not been done on for the past 14 years;

c.  In December 2024, after she took a sick day December 4, a Lieutenant sent a text to her asking for her police radio identification numbers (although the officers' radios had been turned in the previous month), claiming that there was a confusion with the serial numbers on her radio and male officer's radio numbers — but no similar requests had been made to him or other officers that she asked.

32.  Defendant had actual and constructive knowledge of the hostile work environment that plaintiff experienced and continues to experience, including through internal complaints made by plaintiff and the obvious nature of the conduct.

33.  Notwithstanding both its actual and constructive knowledge, Defendant has failed to exercise reasonable care to prevent and correct promptly the harassment or remedy the work environment, and otherwise has failed to provide or enforce any effective policy against it.

34.  The City's actions discriminated against Plaintiff in the terms,

conditions and privileges of employment.

## Count I — Sex Discrimination Under the Title VII

35. Plaintiff, Jane Doe, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-3, 4(a), 5-8 and 10-34.

36. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

It shall be an unlawful employment practice for an employer —

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race , color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race , color, religion,  sex, or national origin.

37. The treatment to which defendant, through its agents and employees, subjected Plaintiff was because of her sex and, thus, constituted sex discrimination as proscribed by Title VII.  Similarly situated male officers were not treated in the same manner.

38. As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

39.     The sex discrimination that plaintiff is suffering, in violation of her statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

40.     Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Jane Doe, prays that this Court will grant judgment for her, and against defendant, City of Coconut Creek, and:

**One,** issue a judgment that City of Coconut Creek's practices toward Plaintiff violated her rights against sex discrimination in violation of the Title VII;

**Two**, award judgment against City of Coconut Creek for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

**Three**, enjoin City of Coconut Creek and its agents from continuing to violate plaintiff's statutory rights and to make her whole through, including reinstatement (including to the task force), through restoration of seniority to those dates and benefits, or, if that is not practical, through an award of front pay and a similar assignment outside the task force;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

***Six***, grant Plaintiff such other and further relief as the circumstances and law provide.

## Count II — Sex Discrimination Under the FCRA

41.     Plaintiff, Jane Doe, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-3, 4(a), 5-7, and 9-34.

42.     Section 760.10(1), FLA. STAT., provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

43.     The treatment to which defendant, through its agents and employees, subjected Officer Doe was motivated by her sex (female), and, thus, constituted sex discrimination as proscribed by FCRA. Similarly situated male officers were not treated in the same manner.

44.     As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the

future.

45. The sex discrimination that plaintiff is suffering, in violation of her statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

46. Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Jane Doe, prays that this Court will grant judgment for her and against defendant, City of Coconut Creek, and:

**One**, issue a judgment that City of Coconut Creek's practices toward Plaintiff violated her rights against sex discrimination in violation of the FCRA;

**Two**, award judgment against City of Coconut Creek for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

**Three**, enjoin City of Coconut Creek and its agents from continuing to violate plaintiff's statutory rights and to make her whole through, including reinstatement to the DEA task force, through restoration of seniority to those dates and benefits, or, if that is not practical, through an award of front pay and a similar assignment outside the task force;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Plaintiff her costs and reasonable attorney's fees pursuant

to § 760.11(5), FLA. STAT., and

**Six**, grant Plaintiff such other and further relief as the circumstances and law provide.

### Count III – Retaliation under FCRA

47. Plaintiff, Jane Doe, realleges and adopts in Count III, the allegations of ¶¶ 1-3, 4(b), 5-7, and 9-34.

48. Section 760.10(7), FLA. STAT., provides, in pertinent part:

> It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

49. The treatment to which defendant, through its agents and employees, subjected Plaintiff, including the retaliatory hostile environment, was motivated by her protected activity, and, thus, constituted retaliation as proscribed by FCRA. Employees who did not similarly engage in protected activity were not treated in the same manner.

50. As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

51. The retaliation that plaintiff is suffering, in violation of her

statutory rights to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

52. Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Jane Doe, prays that this Court will grant judgment for her, and against defendant, City of Coconut Creek, and:

**One**, issue a judgment that City of Coconut Creek's practices toward Plaintiff violated her rights against retaliation in violation of the FCRA;

**Two**, award judgment against City of Coconut Creek for the back pay and benefits to which plaintiff would have been entitled but for its retaliatory acts;

**Three**, enjoin City of Coconut Creek and its agents from continuing to violate plaintiff's statutory rights and to make her whole through reinstatement (including to the task force), or, if that is not practical, through an award of front pay and a similar assignment outside the task force;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Plaintiff her costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

**Six**, grant Plaintiff such other and further relief as the circumstances and law provide.

## Count IV — Retaliation Under Title VII

53. Plaintiff, Jane Doe, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-3, 4(b), 5-8, and 10-34.

54. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-3(a) as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

55. The treatment to which defendant, through its agents and employees, subjected Plaintiff, including the retaliatory hostile environment, was motivated by her protected activity, and, thus, constituted retaliation as proscribed by Title VII.  Employees who did not similarly engage in protected activity were not treated in the same manner.

56. Employees who did not similarly engage in protected activity were not treated in the same manner.

57. As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the

future.

58.     The retaliation that plaintiff is suffering, in violation of her statutory rights to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

59.     Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Jane Doe, prays that this Court will grant judgment for her, and against defendant, City of Coconut Creek, and:

**One**, issue a judgment that City of Coconut Creek's practices toward Plaintiff violated her rights against retaliation in violation of Title VII;

**Two**, award judgment against City of Coconut Creek for the back pay and benefits to which plaintiff would have been entitled but for its retaliatory acts;

**Three**, enjoin City of Coconut Creek and its agents from continuing to violate plaintiff's statutory rights and to make her whole through, including reinstatement (including to the task force), through restoration of seniority to those dates and benefits, or, if that is not practical, through an award of front pay and a similar assignment outside the task force;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

**Six**, grant Plaintiff such other and further relief as the circumstances and law provide.

          Respectfully Submitted,

          THE AMLONG FIRM
          500 Northeast Fourth St.
          Suite 101
          Fort Lauderdale, Florida 33301
          (954) 462-1983
          Eservice@TheAmlongFirm.com

          /s/ William R. Amlong
          WILLIAM R. AMLONG
          Florida Bar Number 470228
          WRAmlong@TheAmlongFirm.com
          KAREN COOLMAN AMLONG
          Florida Bar Number 275565
          KAmlong@TheAmlongFirm.com
          JENNIFER DALEY
          Florida Bar Number 856436
          JDaley@TheAmlongFirm.com

          **Attorneys for the Plaintiff,**
          **Jane Doe**

\\Amsql\cpshare\CPWin\HISTORY\250204_0001\[1060604] __Complaint (Jane Doe v City of Coconut Creek).wpd