UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 25-60352-CIV-DIMITROULEAS

JANE DOE,

    Plaintiff,
vs.

CITY OF COCONUT CREEK, a
Florida municipal corporation,

    Defendant.
_____/

### Plaintiff's Motion for Leave to Proceed Anonymously Through Public Filings

Plaintiff, Jane Doe, pursuant to Federal Rules of Civil Procedure 10(a), moves for entry of an order granting her leave to proceed anonymously through public filings, and states as grounds:

1. <u>Nature of the case</u>.  This is a sex discrimination and retaliation action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the parallel provisions of the Florida Civil Rights Act ("FCRA"). Ms. Doe sues the City for violation of her rights through sex discrimination and retaliation, including the retaliatory hostile work environment that she experienced after she made internal complaints about discrimination, including after her ex-husband was appointed as Interim Police Chief and then Police Chief, and continues despite her making internal complaints and filing a charge of discrimination.

2. <u>Relief sought and reason</u>. Plaintiff, Jane Doe, filed this action under a pseudonym, as "Jane Doe" to protect her real identity.   As alleged

in the complaint, Plaintiff is a female police officer for the City of Coconut Creek who has worked and would like to continue to work in undercover roles.  She seeks to protect her identity out of concern for her safety during such operations if her identity or personal details are revealed, to avoid compromising such operations, and to permit her to continue to work in undercover operations without harm or fear of harm.  See S. Y. v. Uomini & Kudai, LLC, No. 2:20-CV-602-JES-MRM, 2021 WL 3054871, at *6 (M.D. Fla. June 11, 2021) (Report and Recommendation) ("In sum, considering all the circumstances of this case, including the sensitive nature of the issues, the potential risk of harm to Plaintiff, the minimal risk of unfair prejudice to Defendants, and the public's access to all other information on the docket, the Undersigned recommends that the presiding United States District Judge permit Plaintiff to proceed under a pseudonym outside of trial."), and Opinion and Order (adopting recommendation to permit Plaintiff to plaintiff to proceed under a pseudonym outside of trial) (Sept. 14, 2021).

  3. Defendant is aware of Plaintiff's identity because, **One**, it employs plaintiff, **Two,** prior to filing suit, plaintiff filed a charge of discrimination with Equal Employment Opportunity Commission ("EEOC"), a copy of which the EEOC provided to Defendant, and **Three**, Defendant responded to the Charge, and was copied on the notice of right to sue at the end of the EEOC's investigation.   Also, prior to filing this motion, Plaintiff provided defense counsel who informed plaintiff's counsel that she represents Defendant with additional copies of the charge and the notice of right to sue along with a conferral draft of this motion.

  4. So, proceeding anonymously in public filings should not prejudice

Defendant's ability to defend itself. Cf. Fla. Abolitionist, Inc. v. Backpage.com LLC, No. 6:17-cv-00218-Orl-28TBS, 2018 WL 2017535, at *2 (M.D. Fla. May 1, 2018) (permitting the plaintiffs to proceed anonymously but requiring them to provide the defendants with their true identities). Cf. S. Y. v. Uomini & Kudai, LLC, No. 2:20-CV-602-JES-MRM, 2021 WL 3054871, at *6 (M.D. Fla. June 11, 2021) ("Because Defendants will have access to Plaintiff's True Identity, their discovery efforts will not be unfairly prejudiced."), citing B.M. v. Wyndham Hotels & Resorts, Inc., No. 20-cv-656-BLF, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) ("Prejudice to Defendants is minimal because B.M. will agree to reveal her identity for purposes of investigating her claims."); A.D. v. Wyndham Hotels & Resorts, Inc., No. 4:19-cv-00120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020) ("There is very little risk of prejudice to Defendant in allowing Plaintiff to proceed under pseudonym [because] Plaintiff 'is willing to provide her [identity] to the Defendant.' "); E.E.O.C. v. Spoa, LLC, No. CCB-13-1615, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) (permitting a plaintiff to proceed pseudonymously where her identity was revealed to the defendant so that defendant could respond to the allegations).

  5. The Eleventh Circuit Court has recognized exceptions to Federal Rule of Civil Procedure 10(a)'s requirement that complaints and pleadings name all parties. For example, the Eleventh Circuit Court has held that a party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992), quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981)).

  6. The courts consider the totality of the circumstances in

determining whether a party's right to privacy and fear of harm outweigh the presumption of judicial openness. The Eleventh Circuit Court explained in Doe v. Frank, 951 F.2d 320, 323 (1992) how to evaluate the circumstances:

> In [Doe v.] Stegall [653 F.2d 180 (5th Cir. Unit A Aug. 1981), the Fifth Circuit isolated and catalogued the circumstances common to the "Doe cases" collected in its prior opinion, Southern Methodist Univ. Ass'n v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir.1979). Those circumstances were:
> 
> (1) plaintiffs challenging governmental activity;
> 
> (2) plaintiffs required to disclose information of the utmost intimacy; and
> 
> (3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. Stegall, 653 F.2d at 185.
> 
> The enumerated factors in Stegall were not intended as a "rigid, three-step test for the propriety of party anonymity." Id. Nor was the presence of one factor meant to be dispositive. Instead, they were highlighted merely as factors deserving consideration. A judge, therefore, should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns. Wynne & Jaffe, 599 F.2d at 713.

Id. (footnote omitted).

7. Under the circumstances, Plaintiff's interests in not disclosing her identity (which could be matched with other information in public filings) to ensure that neither the undercover operations in which she had been or will be involved nor her safety would be compromised or harmed outweighs Defendant's or the public interest in disclosing that information in public filings that Defendant otherwise has been or will be provided outside of public filings.

8. Although no counsel of record has entered an appearance on

behalf of Defendant, Plaintiff was contacted by Jessica Dos Santos, an Attorney with Lydecker LLP, who indicated that she represents Defendant in this action and intends to file a motion to dismiss that included as a ground a challenge to the Court's jurisdiction because leave had not yet been obtained to proceed anonymously.  Out of an abundance of caution and to avoid dismissal, including because Defendant indicated it needed a one-week's extension to respond to the complaint, which the Court would need to address, Plaintiff provided Defendant with a conferral draft of this motion April 23.  As of the date of the filing of this motion, Plaintiff has requested, but has not yet received, confirmation from Defendant as counsel as to whether defendant opposes the leave sought.  Defendant's lead counsel indicated that she was unable to reach her client to provide a position.

WHEREFORE, Plaintiff moves for entry of an order granting this motion, allowing her to continue to litigate with a pseudonym in public filings, and granting such other and further relief as the Court deems appropriate.  Alternatively, as in cases where leave to proceed anonymously was denied, Plaintiff similarly seeks leave to amend the complaint to proceed under her name if this motion is denied.

### Certificate of Conferral

Pursuant to Local Rule 7.1, the undersigned provides the following information about the efforts to confer about Defendant's position on the leave sought in this motion. As noted, *supra*, although no counsel of record

has entered an appearance on behalf of Defendant, Plaintiff was contacted by Jessica Dos Santos, an Attorney with Lydecker LLP, who indicated that she represents Defendant in this action and intends to file a motion to dismiss that included as a ground a challenge to the Court's jurisdiction because leave had not yet been obtained to proceed anonymously.  Out of an abundance of caution and to avoid dismissal, including because Defendant indicated it needed a one-week's extension to respond to the complaint, which the Court would need to address, Plaintiff provided Defendant with a conferral draft of this motion April 23.  As of the date of the filing of this motion, plaintiff has requested, but has not yet received, confirmation from Defendant as counsel as to whether defendant opposes the leave sought. Defendant's lead counsel indicated that she was unable to reach her client to provide a position.

**Certificate of Service**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic delivery (ECF) this day to counsel of record on the service list.

Respectfully Submitted,

THE AMLONG FIRM
500 Northeast Fourth St.
Suite 101
Fort Lauderdale, Florida 33301
(954) 462-1983
Eservice@TheAmlongFirm.com

*/s/ Jennifer Daley*
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com

**Attorneys for the Plaintiff,
Jane Doe**

\\Amsql\cpshare\CPWin\HISTORY\250424_0001\[1064883] __Plaintiff motion for leave to proceed anonymously (Doe v City of Coconut Creek).wpd