UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE,   CASE NO.: 0:25-cv-60352-WPD

    Plaintiff,

v.

CITY OF COCONUT CREEK, a
Florida municipal corporation,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant City of Coconut Creek ("Defendant" or the "City")'s Motion to Dismiss Plaintiff's Complaint or in the Alternative for a More Definite Statement and Defendant's Motion to Strike (the "Motion"), filed May 5, 2025 [DE 12]. The Court has carefully considered the Motion [DE 12], Plaintiff Jane Doe ("Plaintiff")'s Response [DE 17], Defendant's Reply [DE 21], and is otherwise fully advised in the premises.

Plaintiff filed a Complaint on February 24, 2025, alleging claims for sex discrimination and retaliation against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), and the parallel provisions of the Florida Civil Rights Act, ("FCRA"), § 760.10, Fla. Stat. *See* [DE 1]. Upon careful review of the Complaint, the Court agrees with Defendant that the Court must dismiss the Complaint because, as pled, it is an impermissible shotgun pleading.

Plaintiff's meandering allegations (all of which are incorporated into both the sex discrimination and retaliation counts) vaguely and indiscriminately lump all her factual allegations over a six-year timespan in a shotgun-style narrative about Plaintiff making internal

and external complaints and being mistreated. Through this flawed pleading style, Plaintiff fails to identify which factual allegations are relevant to the elements of her sex discrimination claims, and which factual allegations are relevant to the elements of her retaliation claims.

While incorporating a single set of facts into each count of a complaint is not categorically prohibited, this practice nonetheless can render a complaint an impermissible shotgun pleading where, as here, doing so renders it extremely difficult for the Court to determine the grounds upon which each claim rests and, accordingly, does not permit the Court to readily determine if the sex discrimination counts and retaliation counts state a claim upon which relief can be granted. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1326 (11th Cir. 2015). Moreover, the Complaint fails "to give the defendants adequate notice of the claims against them and *the grounds upon which each claim rests*." *Id.*

It is counsel's responsibility in crafting the Complaint, not the task for the Court and/or Defendant, to guess at and attempt to theorize and piece together which factual allegations establish Plaintiff's sex-based discrimination claims, which allegations establish Plaintiff's retaliation claims, which allegations are superfluous to either claim and merely make deciphering the claims even more confusing, and which allegations should be stricken from the Complaint as time-barred.

The Court will require Plaintiff to rectify the Complaint before analyzing the other arguments asserted by Defendant in support of dismissal. In amending her complaint, Plaintiff is specifically directed that she MUST (1) clearly identify which alleged acts were discriminatory based on Plaintiff's sex; (2) clearly identify which alleged acts were retaliatory and which protected conduct that particular retaliation corresponds to; (3) not reincorporate prior allegations in any count unless those allegations support the particular claim asserted in that count; and (4) state within each count the specific, clear factual allegations sufficient to establish the legal elements of that claim; and (5) not include superfluous, confusing and/or time-barred allegations.

Defendant may reassert any arguments raised in the Motion as to any amended complaint, to the extent they remain applicable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss [DE 12] is **GRANTED** as set forth herein.

2. The Complaint is hereby **DISMISSED**, in accordance with this Order.

3. Plaintiff is granted leave to file an amended complaint, consistent with this Order, on or before **August 13, 2025;** a failure to do so shall result in the Court closing this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of July, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record