UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE,                                               CASE NO.: 0:25-cv-60352-WPD

      Plaintiff,

v.

CITY OF COCONUT CREEK, a
Florida municipal corporation,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEFENDANT'S MOTION TO STRIKE

THIS CAUSE is before the Court upon Defendant City of Coconut Creek ("Defendant" or the "City")'s Motion to Dismiss Plaintiff's Second Amended Complaint and Defendant's Motion to Strike (the "Motion"), filed January 15, 2026 [DE 44]. The Court has carefully considered the Motion [DE 44], Plaintiff Jane Doe ("Plaintiff")'s Response [DE 47], Defendant's Reply [DE 48], and is otherwise fully advised in the premises.

Plaintiff filed a Complaint on February 24, 2025, alleging claims for sex discrimination and retaliation against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), and the parallel provisions of the Florida Civil Rights Act, ("FCRA"), § 760.10, Fla. Stat. *See* [DE 1].

Defendant filed a Motion to Dismiss Plaintiff's Complaint or in the Alternative for a More Definite Statement and Defendant's Motion to Strike on filed May 5, 2025. *See* [DE 12]. On July 30, 2025, following full briefing of the Motion, the Court entered an Order Granting Defendant's Motion to Dismiss. *See* [DE 25]. The Order stated, in relevant part:

> Upon careful review of the Complaint, the Court agrees with Defendant that the
> Court must dismiss the Complaint because, as pled, it is an impermissible shotgun

pleading.

Plaintiff's meandering allegations (all of which are incorporated into both the sex discrimination and retaliation counts) vaguely and indiscriminately lump all her factual allegations over a six-year timespan in a shotgun-style narrative about Plaintiff making internal and external complaints and being mistreated. Through this flawed pleading style, Plaintiff fails to identify which factual allegations are relevant to the elements of her sex discrimination claims, and which factual allegations are relevant to the elements of her retaliation claims.

While incorporating a single set of facts into each count of a complaint is not categorically prohibited, this practice nonetheless can render a complaint an impermissible shotgun pleading where, as here, doing so renders it extremely difficult for the Court to determine the grounds upon which each claim rests and, accordingly, does not permit the Court to readily determine if the sex discrimination counts and retaliation counts state a claim upon which relief can be granted. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1326 (11th Cir. 2015). Moreover, the Complaint fails "to give the defendants adequate notice of the claims against them and *the grounds upon which each claim rests*." *Id.*

It is counsel's responsibility in crafting the Complaint, not the task for the Court and/or Defendant, to guess at and attempt to theorize and piece together which factual allegations establish Plaintiff's sex-based discrimination claims, which allegations establish Plaintiff's retaliation claims, which allegations are superfluous to either claim and merely make deciphering the claims even more confusing, and which allegations should be stricken from the Complaint as time-barred.

The Court will require Plaintiff to rectify the Complaint before analyzing the other arguments asserted by Defendant in support of dismissal. In amending her complaint, Plaintiff is specifically directed that she MUST (1) clearly identify which alleged acts were discriminatory based on Plaintiff's sex; (2) clearly identify which alleged acts were retaliatory and which protected conduct that particular retaliation corresponds to; (3) not reincorporate prior allegations in any count unless those allegations support the particular claim asserted in that count; and (4) state within each count the specific, clear factual allegations sufficient to establish the legal elements of that claim; and (5) not include superfluous, confusing and/or time-barred allegations.

[DE 25] at pp. 1-2. Accordingly, the Court dismissed the Complaint and granted Plaintiff leave to file an amended complaint, consistent with the Order, on or before August 13, 2025. *See* [DE 12] at p. 3. The Court warned Plaintiff that a failure to do so would result in the Court closing this case. *See id.*

On August 13, 2025, Plaintiff filed an Amended and Supplemental Complaint for

Damages and Injunctive Relief. *See* [DE 26]. Defendant, again contending that Plaintiff had filed an impermissible shotgun pleading, filed a Motion to Dismiss Plaintiff's Amended Complaint and Defendant's Motion to Strike on August 27, 2025. *See* [DE 27].  Following full briefing of the Motion, the Court set the Motion for a hearing, which was held on November 7, 2025. *See* [DE 32]. Following the Court's careful consideration of the arguments in the briefs and those made by counsel at the hearing, the Court agreed with Defendant that Plaintiff's Amended Complaint, like the original complaint, was an impermissible shotgun pleading. The Court then entered an Order Granting Defendant's Motion to Dismiss and Motion to Strike; Granting Leave to File a Second Amended Complaint. *See* [DE 33]. The Order ruled, in relevant part, that "[i]n amending her Complaint, Plaintiff failed to meet the requirements set forth in the Court's July 30, 2025 Order Granting Motion to Dismiss." *See* [DE 33] at p. 1. The Court also struck the time-barred allegations outside of the 300-day period prior to Plaintiff's Charge of Discrimination with the EEOC and the FCHR. *See* [DE 33] at p. 2. The Order then provided Plaintiff with the following clear instructions and warning:

> 5. Plaintiff is granted leave to file a second amended complaint, consistent with this Order, on or before **November 17, 2025.**
>
> 6. In amending her complaint, Plaintiff is specifically directed that she **MUST** (1) clearly identify which alleged acts were discriminatory based on Plaintiff's sex; (2) clearly identify which alleged acts were retaliatory and which protected conduct that particular retaliation corresponds to; (3) not reincorporate prior allegations in any count unless those allegations support the particular claim asserted in that count; and (4) state within each count the specific, clear factual allegations sufficient to establish the legal elements of that claim; and (5) not include superfluous, confusing and/or time-barred allegations.
>
> 7. Failure to comply with these requirements **SHALL** result in dismissal with prejudice.

[DE 33] at p. 2. (emphasis in original).

On November 25, 2025, Plaintiff filed a Second Amended and Supplemental Complaint for Damages and Injunctive Relief. *See* [DE 39] (the "Second Amended Complaint"). Defendant

again moves to dismiss, arguing that Plaintiff has filed a third impermissible shotgun pleading that utterly fails to meet the requirements for an amended pleading set forth in the Court's two prior dismissal orders. *See* [DE 44]. After the Court's careful review of the Second Amended Complaint and the arguments by counsel, the Court agrees with Defendant that the Second Amended Complaint, like the two prior iterations, fails to clearly identify which alleged acts were discriminatory based on Plaintiff's sex, fails to clearly identify which alleged acts were retaliatory and which protected conduct that particular retaliation corresponds to, fails to state within each count the specific, clear factual allegations sufficient to establish the legal elements of that claim without the inclusion of superfluous, confusing and/or time-barred allegations, and continues to include allegations in particular counts that do not support the particular claim asserted in that count but rather conflates elements of different claims in an indiscriminate and confusing shotgun manner.

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). Here, Plaintiff was represented by counsel; the Court provided *two* opportunities to amend, and Plaintiff "squandered that opportunity by filing another shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Motion [DE 44] is **GRANTED**;

2.  The Second Amended Complaint [DE 39] is **DISMISSED WITH PREJUDICE**;

3.  The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 17th day of March, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record